ETUE v. BEDFORD PUBLIC SCHOOLS

1. CONTRACTS — SCHOOLS AND SCHOOL DISTRICTS — EMPLOYMENT — TERMINATION — SUBSTITUTE TEACHER — CERTIFICATION.

   A proviso in a substitute teacher's contract with a school board that the contract would terminate if the teaching certificate expired, was not immediately renewed, or was suspended or revoked by proper legal authority, had no effect on the teacher's contractual rights where she never had a certificate and her authorization to teach was a 90-day substitute teacher permit obtained for her by the school district.

2. CONTRACTS—SCHOOLS AND SCHOOL DISTRICTS—EMPLOYMENT— TERMINATION—SUBSTITUTE TEACHER—CERTIFICATION.

   Termination of substitute teacher's services because she was not certified and a properly certified teacher had become available for her position constituted a breach of her employment contract where the school board, although knowing that she had only a 90-day teaching permit, contracted with her for the full school year.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 March 6, 1970, at Lansing. (Docket No. 7,262.)    Decided May 27, 1970.

Complaint by Carole J. Etue against the Bedford Public Schools for breach of employment contract. Judgment for plaintiff. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur, Schools §§ 118, 124.
   Right to dismiss public school teacher on ground that services are no longer needed. 100 ALR2d 1141.

*Stanley M. Krawetz,* for plaintiff.

*Robert M. Thrun,* for defendant.

Before: J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

O'HARA, J. Defendant appeals of right from a judgment of $2,900 awarded plaintiff for breach of an employment contract. The contract was for 9–1/2 months of teaching in the defendant school district for $5,800 payable at two-week intervals for the 1967–1968 school year. Her authorization to teach was a 90-day substitute teacher permit obtained for her by the school district. Her services were terminated at the end of the first semester.

There is no claim that plaintiff's services were in any manner unsatisfactory. Rather, it is conceded that she was a "competent and effective" teacher. She was replaced because she was not "certified" and a properly certified teacher became available for her position in January of 1968.

It is the defense of the school district basically that its superintendent could not apply for a continuation of her temporary permit because the application included an oath-supported statement that no properly certified teacher was then available.

The contract plaintiff and defendant executed contained the following provision:

"This contract shall terminate if the certificate shall expire by limitation and shall not immediately be renewed or if it shall be suspended or revoked by proper legal authority."

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiff never had a "certificate". The proviso has no effect on her rights under the contract. The defense may be legally viable as applied to a teacher protected by the teacher tenure act** but it is inapplicable here.

The irreducible fact is defendant district ill-advisedly executed a contract for the whole school year with a teacher who at the time had a teaching permit for only 90 school days. The district was well aware of this fact. There was no concealment or misrepresentation on the part of the plaintiff.

The penalty for employment of an unqualified teacher when one properly certified is available is loss of a certain amount of financial state aid. The defendant district suffered this sanction in the past. It is understandable perhaps why it chose to terminate plaintiff's services when it did.

The district placed itself in its untenable position. Lee B. Lonsberry, the Supervisor of Teachers Certification for the Michigan Department of Education, was called as a witness for defendant district. He testified in part as follows:

"*Q*. Have you had an opportunity in your position to advise [school] boards as to whether they should sign a contract with a [temporary] permit teacher? [Bracketed material added for clarification.]

"*A*. I have advised during the clinics I referred to earlier, repeatedly throughout the state that I did not think it was good policy to issue contracts to permit holders.

"*Q*. Do you think that the nature of the contract here for one year in the form of a tenure contract is good policy?

"*A*. I do not."

We hold that where a school board undertakes as here to contract with an applicant who has only a

---

** MCLA § 38.71 *et seq.* (Stat Ann 1968 Rev § 15.1971 *et seq.*).

temporary permit, which is effective for a period shorter than the period for which the contract assures employment, the board (district) cannot be heard later to complain that the permit expired and was not renewed and, therefore, that the board is relieved of its contractual liability to the teacher who, in all other respects, was blameless.

The judgment below is affirmed. Costs to appellee. All concurred.

